Brown *v.* Gilmore.

---

## BROWN *vs.* GILMORE.

In order to constitute a good tender, it is essential that the offer be unconditional ; and that the money or other thing to be paid be actually produced ; unless the creditor dispense with its production, either by express declaration, or other equivalent act.

Thus where one gave his promissory note for sixty dollars, payable in neat stock at a certain day and place ; and meeting the creditor on the day of payment at another place, told him that the stock was ready for him on a neighboring farm, provided he would take forty eight dollars worth in full for the note, denying that any more was due ; which the creditor refused, asking " why he did not bring on the cattle if he had any" ;—it was held that this was not a good tender.

THE facts in this case, which came up by exceptions from the Court below, are sufficiently apparent in the following opinion of this Court.

*Rogers,* for the defendant, contended, *first,* that here was a good tender, the actual production of cumbrous articles not being essen-

tial in such cases. The property in such goods passes by any constructive delivery, as in the case of goods sold by sample, or by marks and numbers in a warehouse. And in the present case, as the title of the plaintiff would have been complete by his assent to the tender, without any further act done by the defendant, the tender was sufficient. *Barrett v. Goddard,* 3 *Mason,* 107 ; *Bholen v. Cleaveland,* 5 *Mass.* 174.—*Secondly,* that if the tender was defective in form, this was cured by the language and conduct of the plaintiff, who refused to accept the cattle, if produced. *Black v. Smith, Peake's Ca.* 88 ; *Cole v. Blake, ib.* 179 ; *Coit v. Houston,* 3 *Johns. Ca.* 243 ; *Wright v. Reed,* 3 *D. & E.* 554 ; 3 *Stark. Ev.* 1391 ; *Lincoln & Kennebec Bank v. Hammatt,* 9 *Mass.* 159 ; *Slingerland v. Morse,* 8 *Johns.* 370 ; *Frasher v. Cushman,* 12 *Mass.* 277 ; *Barstow v. Gray,* 4 *Greenl.* 409 ; *Nourse v. Snow,* 6 *Greenl.* 208 ; *Fleming v. Gilbert,* 3 *Johns.* 531.

*McGaw & Hatch,* for the plaintiff, cited *Thomas v. Evans,* 10 *East.* 101 ; 3 *Stark. Ev.* 1393 ; *Thayer v. Brackett,* 12 *Mass.* 450 ; *Breed v. Hurd,* 6 *Pick.* 356 ; 5 *Bac. Abr.* 9 ; *Tender D.* 5 *Dane's Abr. ch.* 170, *art.* 2 ; *Luce v. Robbins,* 4 *Mass.* 474 ; *Barrett v. Goddard,* 3 *Mason,* 107 ; 8 *Johns.* 474 ; 5 *East.* 198 ; *Aldrich v. Albee,* 1 *Greenl.* 120 ; *Brady v. Jones,* 16, *Sarg. & Lowb.* 272 ; *Simmons v. Wilmot,* 3 *Esp.* 91.

WESTON J. delivered the opinion of the Court at the ensuing *June* term in *Washington.*

This was an action of *assumpsit* on a promissory note for sixty dollars, in neat stock, at the market price, to be delivered at the six mile falls in *Bangor,* in nine months from date. The defendant pleaded, as to twelve dollars, *non assumpsit,* and a tender as to the residue. As to the twelve dollars, the jury found for the defendant, and as to the tender, for the plaintiff ; and the question presented is, the sufficiency of the tender, attempted to be proved. On the day of payment, the defendant had, at the farm of one *Kendric,* about a mile beyond the six mile falls, a yoke of oxen, which

he had conveyed to the defendant, to secure a debt he owed him, which in the opinion of *Kendric*, who testified as a witness for the defendant, was worth about fifty dollars. The witness had other stock on his farm, and agreed with the defendant to let him have enough to pay the note, if the oxen should be appraised at a less sum. On the day of payment, the defendant and the witness went to the six mile falls, where they found the plaintiff, who was informed that the defendant had come for the purpose of making a tender of neat stock in payment of the note. The defendant then offered to pay neat stock to the amount of forty-eight dollars, on the note, but the plaintiff refused to receive the stock, unless the defendant would pay the whole sixty dollars. There was no stock present, nor any objection made by the plaintiff, on account of its non production. The defendant offered to bring the stock, if the plaintiff would receive forty-eight dollars, but he refused to receive any thing short of the face of the note. After considerable conversation, in which the witness endeavored to effect a settlement, the plaintiff said to the defendant, " if you have got any cattle, why dont you bring them on ?" to which the defendant replied, if you will take forty-eight dollars in full for the note, I will bring the stock forward, but the plaintiff said I will take nothing less than the whole note. The stock was not brought, or any offer of it actually made, other than what has been before stated.

At the trial, the jury were satisfied that twelve dollars of the note had been paid. When, does not appear. For any thing which the case finds, this payment might have been made after the conversation before recited, in which case the tender would be clearly bad. But we do not place the decision of the cause upon this ground. There are two other objections to the tender set up, either of which is fatal. In the first place, the actual production and offer of the money or other thing to be paid is essential, unless the creditor dispense with it, either by an express declaration, or other equivalent act. Thus where the debtor on leaving home left £10. with his clerk for the plaintiff, and the plaintiff was informed of this when he called, and demanded a larger sum, and he would not receive any thing less than his whole demand, and the clerk

Benson v. Carmel.

did not offer the £10, it was held to be no tender. *Thomas v. Evans*, 10 *East*. 101 ; *Dickinson v. Shea*, 4 *Esp.* 68, was a case equally strong, and to the same effect. Now in this case the plaintiff was so far from expressly excusing the defendant from making an offer of the stock, that he told him, if he had any cattle, to bring them on. Secondly, a tender in order to be availing, must be unconditional. Thus if the party demand a receipt in full, or that the money or other thing tendered, shall be received in full discharge of the plaintiff's balance or claim, the tender is not good. 3 *Stark. Ev.* 1393, and the cases there cited. In this case, the face of the note was more, and the plaintiff claimed more, and whether more might eventually appear to be due or not, the plaintiff had a right to have the tender so made, that he might receive it, without prejudice to his further claim. Here the defendant's offer to bring the stock forward was clogged with the condition, that the plaintiff should receive forty-eight dollars in full for the note.

*The exceptions are overruled, and the judgment affirmed.*